Per Curiam.

This being, originally, a simple contract, we are of opinion, that it was competent for the parties, by parol agreement, to enlarge the time of performing it, and that Wait’s testimony, to prove the plaintiff’s declaration to that effect, was properly received. An extension of the time may often be essential to the performance of executory [*23] Contracts, and there can be no reason why a subsequent agreement for that purpose, should not he valid. Let a nonsuit be accordingly entéred. (a)
Judgment of nonsuit.

 Frost v. Everett, 5 Cowen, 497. Fleming v. Gilbert, 3 Johns. R. 527. Langworthy v. Smith, 2 Wend. 587. Ewin v. Saunders, 1 Cowen, 249 Dearborn v. Cross, 7 Cowen, 50. Neil v. Cheves, 1 Bailey, 537. Franklin v. Long, 7 Gill & John. 407, The place as well as1 time of performance may be varied by a subsequent parol' agreement.” Robinson v. Batchelder, 4 N. H. R. 40. Or the mode of payment as other terms of a written contract may be changed by asubsequent parol agreement made upon sufficient consideration or it may be so discharged altogether. Low v. Treadwell, 3 Fairf. R. 441. Bailey v. Johnson, 9 Cowen, 115, 118. Per Cur in Erwin v. Saunders, 1 id. 250. Cummings v. Arnold, 3 Metcalf, 486, 489. Richardson v. Hooper, 13 Pick. 446. See 11 Pick. 439. Monroe v. Perkins, 9 Pick. 298. Trumbo v. Cartright, 1 Marsh. Ken. R. 582. Mossy v. Mead, 2 Mill. Lou. Rep. 157. Benson v. Smith, id. 103. Perrine v. Cheeseman, 6 Halst, •174. Sharp v. Lipsey, 2 Bail. R. 113.