(COMMON LAW.)

## WEIGHTMAN v. CALDWELL.

E. B. C., having an interest in a cargo at sea, agreed with J. W. for the sale of it, and J. W. signed the following agreement in writing : " J. W. agrees to purchase the share of E. B. C. in the cargo of the ship Aristides, W. P. Z., supercargo, say at $2,522 83, at fifteen per cent. advance on said amount, payable at five months from this date, and to give a note or notes for the same, with an approved endorser." In compliance with this agreement, J. W. gave his notes for the sum mentioned, and in an action upon the notes, the want of a legal consideration under the statute of frauds being set up as a defence, on the ground of the defect of mutuality in the written contract ; the Court below left it to the jury to infer from the evidence an actual performance of the agreement, the jury found a verdict for the plaintiff, and the Court below rendered judgment thereon.  The judgment was affirmed by this Court.

ERROR to the Circuit Court for the District of Columbia.

This cause was argued by Mr. *Jones* and Mr. *Key*, for the plaintiff in error,[a] and by Mr. *Caldwell*, and Mr. *Swann*, for the defendant in error.[b]

a They cited Wain v. Warlters, 5 *East*, 10.  Champion v. Plummer, 1 *New Rep.* 252.  Symonds v. Ball, 8 *T. R.* 151. Saunderson v. Jackson, 2 *Bos. & Pul.* 238.  Bayley and Bo-

1819.

Weightman
v.
Caldwell.

Mr. Justice JOHNSON delivered the opinion of the Court. The suit below was instituted on a promissory note by the defendant in error. Although it is, in fact, an indorsed note, and so declared on ; yet it is admitted to have originated in a negociation between the maker and indorser, and whatever defence would be good as against the promisee, is admitted to be maintainable against this indorser, the indorser standing only on the ground of a security or ordinary collateral undertaker to the maker. The defence set up is the statute of frauds, not under the supposition that a promissory note is a contract within the statute, but on the ground that this note was given for a consideration which was void under the statute. The case was this : Caldwell having an interest in a cargo afloat, agrees with Weightman for the sale of it, and Weightman signs the following memorandum, expressive of the terms of their agreement : " John Weightman agrees to purchase the share or interest of Elias B. Caldwell, in the cargo of the ship Aristides, W. P. Zantzinger, say, $2,522 83, at fifteen per cent. advanced, on said amount, payable at five months from this date, and to give a note or notes for the same, with an approved indorser.

JOHN WEIGHTMAN.

" *Washington, May* 20, 1816."

gert v. Ogdens, 3 *Johns. Rep.* 399. Roberts on Frauds, 113. 116.

b They cited Ballard v. Waller, 3 *Johns. Cas.* 60. Leonard v. Vredenburgh, 8 *Johns. Rep.* 29. Slingerland v. Morse, 7 *Johns. Rep.* 463. *Ex parte* Minet, 14 *Ves.* 189. *Roberts on Frauds*, 117. Note, 58. *Ib.* 121. Stapp v. Lill, 1 *Camp. N. P. R.* 242.

In compliance with that agreement, Weightman gives his note for the sum agreed upon, which is afterwards renewed, and this note taken, on which this action is instituted. At the trial below, Weightman's counsel moved the Court to instruct the jury, that, "If no bargain or agreement for the sale of the plaintiff's share of the said ship Aristides, nor any note or memorandum in writing, of the same, was ever signed by the plaintiff, binding him in writing to sell his said share to defendant, and if defendant did never actually receive or accept any part of said cargo, and gave nothing in earnest to bind said bargain, or in part payment, and if plaintiff has never made or tendered any written transfer or bargain of his said share to the defendant; but if the entire obligation, reciprocally binding plaintiff to sell said share, was verbal, and formed the sole consideration for the said note, then there is no adequate consideration for the said note, and plaintiff is not entitled to recover upon said note. This instruction the Court refused to give ; but instructed the jury, that, if they should be of opinion, from the evidence, that the defendant executed and delivered to the plaintiff the note upon which this action is brought, and that the said note was given in consideration of the purchase of the plaintiff's share or interest in the said cargo of the said ship Aristides, as stated in the aforesaid writing, &c., and that the said cargo was then on the high seas on its passage from France to the United States, and that the same has since arrived, and has never come to the possession of the plaintiff; that the

1819.

Weightman
v.
Caldwell.

1819.

Weightman
v.
Caldwell.

plaintiff had an interest in the said cargo, and that the defendant never demanded of the plaintiff any written assignment of his share of the said cargo, then the statute of frauds is no bar to the plaintiff's recovery, and that the said note is not, by reason of the said statute, void, as being given without consideration.

Taking the charge prayed for, and the charge given, together they appear to make out the following case: The defendant moved the Court to instruct the jury that the note which was he cause of action, was void for want of consideration; inasmuch as it was given in compliance with an agreement signed by one party, and not the other, and which being unattended with any actual delivery of the article sold, was, as he contended, void under the statute of frauds. The Court, without denying the principles laid down by the defendant, submit the whole case to the jury; and instruct them, that, upon that evidence they were at liberty to infer an actual execution of the agreement by both parties, and thus take the case entirely out of the operation of the statute of frauds. Under this construction of the bill of exceptions, for it must, like all other instruments, be the subject of construction, we are decidedly of opinion, that the judgment below must be affirmed. Whether right or wrong, the defendant had all the benefit of the law that his case admitted of, and, therefore, this Court is not called upon to express a judgment on its correctness. The Court below were clearly right in submitting the question of execution to the jury. If there had ever been a doubt

entertained on this point it is now removed by nume-   
rous adjudications.

Judgment affirmed.[a]

*a* The 17th section of the statute of frauds, 29 *Car.* II. c. 3. which has been incorporated into the laws of most of the States, provides, " that no contract for the sale of any goods, wares, and merchandizes, for the price of 10 pounds or upwards, shall be good, except the buyer shall accept part of the goods, and actually receive the same, or give something in earnest to bind the bargain, or in part payment, or that some note or memorandum in writing of the bargain be made and signed by the parties to be charged by the contract, or their agents thereunto lawfully authorized."

[*That no contract for the sale, &c.*] It was formerly supposed, that *executory* contracts, (that is, where time is given for the delivery of the goods,) were not within this section of the statute ; but that it only related to *executed*-contracts, or where the goods were to be delivered immediately after the sale. Towers v. Osborne, *Str.* 506. Clayton v. Andrews, 4 *Burr.* 2101. But this distinction has been since exploded ; and it is now settled, that where the goods bargained for are complete, and existing *in solido*, ready for delivery at the time of the contract, it is within the statute ; but that where they are not complete and ready for delivery, but are either to be made, or work and labour is required to be done, and materials found, in order to put them into the state in which they are contracted to be sold, such a contract is out of the statute, and need not be in writing. Rondeau v. Wyatt, 2 *H. Bl.* 63. Bennett v. Hull, 10 *Johns. Rep.* 364. Groves v. Duck, 3 *Maule & Selw.* 178. Cooper v. Elston, 7 *T. R.* 14.

[*Of any goods, wares, and merchandizes, &c.*] Quære, whether shares of a company or public stock, are comprehended under the words " goods, wares, and merchandizes." Pickering v. Appleby, *Com. R.* 354. Mussell v. Cooke, *Prec. in Chan.* 533. *Rob. on Frauds*, 185. Colt v. Netterville, 2 *P. Wms.* 307. This point appears never to have been decided.

[*Except the buyer shall accept part of the goods, and actually receive the same, &c.*] · A delivery without an ultimate acceptance, and such as completely affirms the contract, is not sufficient. Kent v. Huskinson, 3 *Bos. & Pull.* 233. Where the goods are ponderous, or from some other circumstance incapable of being immediately handed over from one to another, there need not be an actual acceptance of the goods by the vendee, but a symbolical delivery will be sufficient to dispense with a written agreement signed by the parties. Searle v. Keeves, 2 *Esp. N. P. C.* 598. Anderson v. Scott, 1 *Camp. N. P.* 235. *note.* Chaplin v. Rogers, 1 *East*, 195. Hinde v. Whitehouse, 7 *East*, 558. Elmore v. Stone, 1 *Taunt.* 458. *Vide ante, vol.* I. *p.* 84. *note d.* And in the sale of a ship or goods at sea, (like the principal case in the text,) the delivery is always by such symbolical means as the circumstances allow. *Ex parte* Matthews, 2 *Ves.* 272. Atkinson v. Maling, 2 *T. R.* 462. *Ex parte* Batson, 3 *Bro. Ch. Cas.* 362. So, if the purchaser deals with the commodity as if it were in his actual possession, it is considered as an acceptance. Chaplin v. Rogers, 1 *East*, 192. And it is no objection to a constructive delivery of goods, that it is made by words parcel of the parol contract of sale. If, therefore, a man bargain for the purchase of goods, and desire the vendor to keep them in possession for a special purpose for the vendee, and the vendor accept the order, it is a sufficient delivery within the statute of frauds. Elmore v. Stone, 1 *Taunt.* 458. But the delivery of a sample, if it be considered as no part of the bulk, is not a delivery within the statute. Cooper v. Elston, 7 *T. R.* 14. But if the sample be delivered as a part of the bulk, it then binds the contract. Talver v. West, 1 *Holt's R.* 178. And *quære,* whether part performance of the agreement will take the case out of the statute *at law?* There is a *dictum* to that effect by Mr. Justice Buller, in Brodie v. St. Paul, 1 *Ves. jun.* 433.; but it is denied by Lord ELDON, in Cooth v. Jackson, 6 *Ves.* 39., and by Mr. Chief Justice (now Chancellor) KENT, in Jackson v. Pierce, 2 *Johns. Rep.* 224; and the principle is considered as applicable in a Court of Equity only. But in the principal case in the text there was a complete execution of the agreement, as far as

practicable, the goods being at sea, and only capable of a symbolical delivery.

[*Or give something in earnest to bind the bargain, or in part payment.*] Where the defendant, on the purchase of a horse, offered the plaintiff's servant a shilling to bind the bargain, which was returned; this was held not to be a sufficient compliance with the statute. Blenkinsop v. Clayton, 1 *B. Moore's R.* 328.

[*Or that some note or memorandum in writing of the bargain be made, &c.*] Under the 4th section of the statute, which provides that no action shall be brought in certain cases, unless " the *agreement* upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized," it has been held, in a celebrated case, that the term " *agreement*" includes the *consideration* upon which the promise is founded, and that, therefore, it is necessary the *consideration* should be expressed upon the face of the written memorandum. Wain v. Warlters, 5 *East,* 10. S. P. Sears v. Brink, 3 *Johns. Rep.* 210. But this strictness of construction is not applied to a contract for the sale of goods under the 17th section, the word " *bargain*" being there substituted for *agreement*, and it is thus distinguished from the 4th section. Egerton v. Matthews, 6 *East,* 307. Indeed, the case of Wain v. Warlters itself has been questioned by high judicial authority, (per Lord ELDON, *ex parte* Minet, 14 *Ves.* 189., and *ex parte* Gordon, 15 *Ves.* 286.) and by very eminent elementary writers. *Roberts on Frauds,* 117, *note* 58. *Fell on Mercantile Guaranties,* 246. *Appendix No. IV.* And it manifestly did not meet the approbation of Lord Chief Justice GIBBS, in Minis v. Stacey, (1 *Holt's R.* 153.) who said, " I do not think it necessary in this case to overrule the decision in Waine v. Warlters." It is also doubted by Mr. Chief Justice PARSONS, in Hunt v. Adamson, 5 *Mas. R.* 358. It has been expressly held, that no engagement need appear on the face of the memorandum in writing, on the part of the person to whom the promise is made, to do that which is the consideration for the other party's promise. In other words, the mutuality of the con-

1819.

Weightman
v.
Caldwell.

tract need not appear on the face of the memorandum. It is sufficient that the party to whom the promise is made, in point of fact, does that. which is the consideration for the other party's undertaking. Stapp v. Lill, *Camp. N. P.* 242. Egerton v. Matthews, 6 *East*, 307. And in the principal case in the text, (Weightman v. Caldwell,) the actual performance of that which was the consideration of the other party's undertaking, was properly left by the Court to the jury, as a question of fact. *Printing* or writing with a *lead pencil*, is a sufficient writing within the statute. Saunderson v. Jackson, 2 *Bos. & Pull.* 238. Clason v. Bailey, 14 *Johns. Rep.* 484. Merrit v. Clason, 12 *Johns. Rep.* 102. A letter, by whomsoever written, and to whomsoever addressed, if written by the assent of one party, for the purpose of being communicated, and actually communicated to the other, is a note or memorandum in writing, within the statute. Moore v. Hart, 2 *Ch. Rep.* 147. 1 *Vern.* 110. Hodgson v. Hutchinson, 5 *Vin.* 522. Coleman v. Upcott, 5 *Vin.* 527. Wankford v. Fotherly, 2 *Vern.* 322. But a letter not written to be communicated to the other party, nor actually communicated to him, is not a sufficient note or memorandum. Ayliff v. Tracy, 2 *P. Wms.* 65. If, however, the letter set forth the terms of an agreement, and recognize it as *already actually concluded* by the party, although not written to the other party, or with a view of being communicated to him, it is sufficient. Welford v. Beazeley, 3 *Atk.* 503. Although the letter itself does not state the terms of the agreement, yet if it refers to another paper that does, and the letter is signed by the party to be charged, it is sufficient. Saunderson v. Jackson, 2 *Bos. & Pul.* 238. Tawney v. Crowther, 3 *Bro. Ch. Cas.* 161. 318. Clinan v. Cooke, 1 *Scho. & Lefr.* 22. Nor is it material, whether the party writing the letter *intended* to recognize the previous written agreement. It is sufficient if he does in fact recognize it as a past transaction. Saunderson v. Jackson, 2 *Bos. & Pul.* 238. Coles v. Trecothick, 9 *Ves.* 234. 250. But either the letter, or the writing it refers to, must contain the *terms* of the agreement; and it is not sufficient that they merely recognize that there was *some* agreement. Clark v. Wright, 1 *Atk.* 12. Rose v. Cunningham, 11 *Ves.* 550. Parkhurst v.

1819.

Weightman
v.
Caldwell.

Van Cortlandt, 1 *Johns. Ch. Rep.* 273. And there must be such a reference in the letter or other paper signed, to the one containing the contract, as to show the letter to be the contract referred to, without the interposition of parol evidence, except merely as to the identity of the paper. Brodie v. St. Paul, 1 *Ves. Jun.* 333. Boydell v. Drummond, 11 *East*, 142. Clinan v. Cooke, 1 *Scho. & Lefr.* 29 Nor can parol testimony be admitted to contradict, add to, or substantially vary the note or memorandum of the bargain. Binsted v. Coleman, *Bunb.* 65. Pantericke v. Powlet, 2 *Atk.* 383. Meres v. Ansell, 3 *Wils.* 275. Preston v. Mercean, 2 *W. Bl.* 1249. Wain v. Warlters, 5 *East*, 10. Rich v. Jackson, 4 *Bro. Ch. Cas.* 514. Brodie v. St. Paul, 1 *Ves. Jun.* 333. Powell v. Edmunds, 12 *East*, 6. Parkhurst v. Van Cortlandt, 1 *Johns. Ch. Rep.* 273. But parol evidence is admissible with respect to the time, or other circumstances of delivery, which, though not essential parts of the contract, are frequently expressed in the memorandum, yet may be varied by parol testimony of a subsequent agreement. Warren v. Stagg, cited, 3 *T. R.* 591. Cuff v. Penn, 1 *Maule & Selw.* 21. Keating v. Price, 1 *Johns. Cas.* 22. So, also, by the French law, (which requires certain contracts to be in writing,) it is held, that in a case where it becomes necessary to show the place where the bargain was made it not being expressed in the written memorandum, parol evidence of that fact is admissible : " le lieu et le temps auquel un marché est faite n'etant que des circonstances extèrieurs de la convention contenue dans l'acte." *Pothier, des Oblig. No.* 761. But Pothier observes, " Cette decision souffre difficulté." *ib.* Where, however, a Court of Equity is called upon to decree a specific performance, the party sought to be charged may prove that, by reason of fraud, surprise, or mistake, the written instrument does not correctly express the contract ; or, that after signing the written instrument, he made a verbal contract varying the former, provided the variation has been acted upon, so that the original contract can no longer be enforced without fraud upon the defendant. Clinan v. Cooke, 1 *Scho. & Lefr.* 39. Clarke v. Grant, 14 *Ves.* 524. Joynes v. Statham, 3 *Atk.* 388. Marquis of Townsend v. Stangroom, 6 *Ves.* 328

1819.

Weightman
v.
Caldwell.

Woollam v. Hearn, 7 *Ves.* 211. As, however, the Court of Chancery in England does not, except in some peculiar cases, enforce the specific performance of agreements relative to personal chattels, (*vide ante, vol.* I. *p.* 154. *note a.*) it is conceived that fraud would not take a case of the sale of goods out of the statute. Fraud will, undoubtedly, vitiate any agreement, whether required by the statute to be in writing or not ; but in the case of the sale of goods, there is no instance either at law or in equity, where fraud has been admitted as a ground for setting up a contract not in writing, or to vary the terms of a contract as expressed in the written memorandum.

[*And signed, &c.*] The agreement or memorandum need only be signed by that party who is sought to be charged. Hatton v. Gray, 2 *Johns. Ch. Cas.* 164. Allen v. Bennett, 3 *Taunt.* 169. Fowler v. Freeman, 9 *Ves.* 351. Seton v. Slade, 7 *Ves.* 265. Saunderson v. Jackson, 2 *Bos. & Pul.* 238. Cotton v. Lee, cited, 2 *Bro. Ch. Cas.* 564. Ballard v. Walker, 3 *Johns. Cas.* 60. Lawrenson v. Butler, 1 *Scho. & Lefr.* 13. In this last case, Lord Redesdale expresses doubts as to those cases in equity where nothing has been done in pursuance of the agreement. But those doubts have not been adopted by other judges of equity. Western v. Russell, 3 *Ves. & Beames*, 192. Ormond v. Anderson, 2 *Ball & Beatty*, 370. Several of these cases arose upon contracts respecting the sale of lands under the 4th section of the statute, where the words are " signed by the *party* to be charged therewith ;" whereas, the words are in the 17th section, " signed by the *parties* to be charged therewith." However, no distinction has been taken between the two sections as to this point ; and in several cases on the 17th section, the objection that it was not signed by both parties, has been expressly overruled. Allen v. Bennett, 3 *Taunt.* 169. Egerton v. Mathews, 6 *East*, 307. Champion v. Plummer, 4 *Bos. & Pul.* 252. Schneider v. Norris, 2 *Maule & Selw.* 286. Roget v. Merritt, 2 *Caines' Rep.* 117. Bailey v. Ogden, 3 *Johns. Rep.* 399. As to what is a sufficient signing, it is settled, that if the name of the party to be charged appears in the note or memorandum, and is applicable to the whole substance of the writing, and is put there by him, or by his autho-

rity, it is immaterial in what part of the instrument the name appears, whether at the top, in the middle, or at the bottom. It should, however, appear, that it was a complete agreement or instrument, not merely the sketch of one, and unfinished in its terms. *Fell on Guaranties, ch. 4. p. 69. pl. 3.* Knight v. Crockford, *Esp. N. P. R.* 190. Saunderson v. Jackson, 2 *Bos. & Pul.* 238. Welford v. Beazley, 3 *Atk.* 503. Stokes v. Moore, 1 *P. Wms.* 771. *note.* Lemaine v. Stanley, 2 *Bos. & Pul.* 238. Coles v. Trecothick, 9 *Ves.* 239. Morrison v. Tumour, 18 *Ves.* 175. Clason v. Bailey, 14 *Johns. Rep.* 484. Making a mark is a signing. Harrison v. Harrison, 8 *Ves.* 185. Addy v. Grix, *ib.* 504. Wright v. Wakeford, 17 *Ves.* 454. And, *quære*, whether, if a party be in the habit of printing, instead of writing his name, the insertion of his name in print in a bill of parcels, is not of itself a signing within the statute ? Saunderson v. Jackson, 2 *Bos. & Pul.* 238. But, at all events, if in a bill of parcels printed with the name of the vendor, he insert the name of the vendee, this is a sufficient signing and recognition of the printed signature to bind the vendor. Schneider v. Norris, 2 *Maule & Selw.* 286. And, *quære*, whether sealing, in the presence of a witness who attests it, is equivalent to a signing within the statute ? Lemaine v. Stanley, 3 *Levinz*, 1. 1 *Roll. Abr.* 245. s. 25. Sealing without signing would certainly not be a good signature within the statute of wills. Wright v. Wakeford, 17 *Ves.* 454. Ellis v. Smith, 1 *Ves. Jun.* 11.

[*By the parties to be charged by the contract, &c.*] The word *party* or *parties* to the contract is not to be construed *party*, as to a deed, but *person* in general. Welford v. Beazley, 3 *Atk.* 503. S. C. 1 *Ves.* 6. Therefore, where a party, or principal, or person, to be charged, signs *as a witness*, he shall be bound. This, however, is true only where such person is conusant of the contents of the agreement, and it would be a fraud on the other party not to be bound by it. Welford v. Beazley, 3 *Atk.* 503. S. C. 1 *Ves.* 6. Coles v. Trecothick, 9 *Ves.* 234. And if a person properly authorized as an agent to sign an agreement, sign it as a witness, it is sufficient to bind his principal, if it appear that he knew the contents of the instrument

1819.

Weightman
v
Caldwell.

and signed it, recognizing it as an agreement binding on his principal, as if he say, "witness A. B. agent for the sellers," and the paper be signed by the purchaser or his agent. Coles v. Trecothick, 9 *Ves.* 234. Lord Eldon, indeed, in this case, collects the doctrine to be, that where either the party himself, or his agent, ascertains the agreement by a signature, not in the body of the instrument, but in the form of an addition to it, that signature, though not a signing as an agreement, yet sufficiently ascertains the agreement, and is sufficient within the statute of frauds. *Ibid.*

[*Or their agents thereunto lawfully authorized.*] The agent who is authorized to sign, need not be constituted by writing. Rucker v. Camayer, *Esp. N. P. R.* 105. Coles v. Trecothick, 9 *Ves.* 250. Laurenson v. Butler, 1 *Scho. & Lefr.* 13. Merritt v. Clason, 12 *Johns. Rep.* 102. As to who is an agent lawfully authorized, it has been, held, that a broker employed by one person to sell goods, who agrees with another person for the sale of them, and makes out and signs a sale note, (containing the substance of the contract,) and delivers one to each party, is a sufficient agent for both parties. Rucker v. Camayer, *Esp. N. P. R.* 105. And where a broker had been employed by one party to sell, and by another to buy goods, and had entered and signed the terms of the contract in his book, it was determined that such entry and signature was a contract binding upon both parties; although one of them, upon having a bought note sent to him, which was a copy of the contract, immediately objected to the terms, and returned the note. Hayman v. Neale, 2 *Camp. N. P. R.* 337. An auctioneer who writes down the name of the purchaser at a public sale, has also been considered the agent of both parties. No doubt ever could be, whether he was the agent of the *vendor*, for that was quite clear; and the cases turn on the point, whether he is also the agent of the *purchaser;* and it is settled in the affirmative. Simon v. Motivos, (or *Metivier*,) 3 *Burr.* 1921. 1 *W. Bl.* 599. *Bull. N. P.* 280. Rondeau v. Wyatt, 2 *H. Bl.* 63. Hinde v. Whitehouse, 7 *East*, 558. Independently of the circumstance of the auctioneer being considered as a sufficient agent of both parties, and his writing down the

name of the purchaser as a sufficient memorandum and signature, it has been sometimes said, that sales at auction are not within the statute of frauds, on account of the peculiar solemnity of that mode of sale precluding the danger of perjury.  Per Lord Mansfield and Mr. Justice Wilmot, in Simon v. Motivos, 1 *W. Bl.* 599.  But this idea is repudiated by Lord Ellenborough, in Hinde v. Whitehouse, (7 *East*, 568.) though he does not question the principle, that the auctioneer is to be considered as the agent of both parties, and his memorandum as a sufficient note in writing ; but only denies that auctions, abstractedly considered, are not within the statute. (*Ib.* 572.) There is some slight difference in the phraseology of the 4th and 17th sections of the statute, which has been made the ground of a supposed distinction, in this respect, between the sale of *lands*, (which is included in the 4th section,) and the sale of *goods* in the 17th.  The nisi prius case of Symonds v. Ball, (8 *T. R.* 151.) and Walker v. Constable, (1 *Bos. & Pul.* 306.) seem to inculcate the doctrine, that the auctioneer writing down the name of the purchaser, is not sufficient to satisfy the statute *in a sale of lands*.  (Buckmaster v. Harrop, 7 *Ves* 341 )  Lord Eldon, however, has questioned the authority of these cases in Coles v. Trecothick. (9 *Ves.* 249.) And in White v. Proctor, (4 *Taunt.* 208.) it was expressly held, that an auctioneer is, by implication, an agent duly authorized to sign a contract for lands on behalf of the highest bidder. (S. P. Emmerson v. Heelis, (2 *Taunt.* 28.) And that his writing down his name in the auction book is a sufficient signature to satisfy the statute of frauds. (*Id.*)  And whether the first mentioned cases are to be considered as law, or not, in respect to a sale of *lands*, there can be no doubt, that in a sale of *goods*, the auctioneer writing down the name of the purchaser, is a signing by an authorized agent of the parties.  But the agent must be some third person, and one of the contracting parties cannot be agent for the other.  As where the plaintiff made a note of the bargain, and the defendant overlooking him while he was writing it, desired him to make an alteration in the price, which he accordingly did.  It was contended, that the defendant, who was the party sought to be charged, had made the plaintiff his agent, for the

purpose of signing the memorandum. But Lord ELLENBO-
ROUGH was of opinion, that the agent must be some third per-
son, and could not be either of the contracting parties; and,
therefore, nonsuited the plaintiff. (Wright v. Dannah, 2 *Camp.
N. P. R.* 203. See also Bailey v. Ogden, 3 *Johns. Rep.* 399.)