Wilde J.
delivered the opinion of the Court. This is a bill for the specific performance of a contract, by which the defendant bound himself by his writing obligatory to convey to one Noah Holman a certain lot of land, situate in Orange in the county of Franldin, upon Holman’s paying certain notes of hand given by him for the amount of the purchase money. The bill sets forth an assignment of the defendant’s bond to the plaintiff, and avers that after the assignment, viz. on the 1st day of September 1828, he paid to the defendant all Holman’s notes which were then due, and that the defendant thereupon, in consideration that the plaintiff would pay Holman’s notes which were not then due, undertook and faithfully promised the plaintiff to execute and deliver to him a good and suffi *447 cient deed of the lot of land, on demand. The bill further avers, that afterwards, on the same day, the plaintiff offered and tendered payment of the notes not then due, and demanded a deed of the defendant according to his promise, and that the defendant refused to receive payment, except for one note, and wholly refused to execute a deed in conformity with his promise. The defendant demurs.
This is the plaintiff’s case as disclosed in the bill, and we think it quite clear that it is a case not within the limited jurisdiction of this Court as a court of equity.
By the St. 1817, c. 87, this Court is authorized to “hear and determine in equity, all cases of trust arising under deeds, wills, or in the settlement of estates, and all cases of contract in writing, where a party claims the specific performance of the same, and in which there may not be a plain, adequate and complete remedy at law.” [1]
By the terms of the original contract with Holman, the plaintiff cannot claim performance of the contract on the part of the defendant, as Holman’s notes are not all paid ; and the tender of payment was of no effect, for the defendant was not bound by his written contract to receive payment before the notes fell due. The plaintiff therefore must rely on the agreement between him and the defendant, which is not averred to have been in writing, and it is admitted that in fact it was a mere verbal agreement. And this agreement we are not authorized by the statute to enforce. Nor can it in any way affect the original contract, so as to warrant a decree for specific performance in any manner not stipulated for by the written agreement. Indeed we can take no cognizance of the verbal agreement. To decide otherwise would effectually break in upon the statute, and manifestly exceed the jurisdiction intended to be given by the legislature, and would open the door for the admission of all the mischief and uncertainly the statute was intended to prevent by limiting the power of the Court to written contracts.
The question is not whether the parties to a written contract may or may not modify or vary the terms of it by a subse *448 quent verbal agreement; for however the law may he in this respect, it is clear by the language of the statute, that no verbal agreement can be admitted as a ground for specific performance. The defendant may prove any such agreement, for the purpose of showing that it would be inequitable to interpose for the purpose of a specific performance ; but the Court have no power to decree a specific performance of a contract, unless every part of it has been reduced to writing.[1]

Bill dismissed.

Note. — C. Allen and Miles, cited, in support of the demurrer, Parkhurst v. Van Cortland, 1 Johns. Ch. R. 282 ; Greaves v. Ashlin, 3 Campb. 426 ; Doe v. Lea, 11 East, 312 ; Moller v. Living, 4 Taunt. 102 ; Morley v. Boothby, 3 Bingh. 112; 3 Stark. Ev. 998, 1050; Dwight v. Pomeroy, 17 Mass. R. 303 ; St. 1817, c. 87.
Brooks, pro se, said the time of performing a written contract might be varied by parol, and cited Thresh v. Blake, 1 Esp. .53 ; Littler v. Holland, 3 T. R. 590 ; Cuff Penn, 1 M. & S. 21; Keating v. Price, 1 Johns. Cas. 22 ; Fleming v. Gilbert, 3 Johns. R. 528 ; Thompson v. Ketcham, 8 Johns. R. 149 ; Price v. Dyer, 17 Ves. 356 ; Borden v Borden, 5 Mass. R. 67 ; Frazier v. Cushman, 12 Mass. R. 277 ; Munroe v. Perkins, 9 Pick. 298.

 See Rev. Stat. c. 81, § 8

 See Stearns v. Hubbard, 8 Greenl. 320; Elder v. Elder, 1 Fairf. 80, Low v. Treadwell, 3 Fairf. 445) Rogers v. Saunders, 4 Shepl. 92; Peterson v Grover, 2 Appleton, 363. The power of rectifying contracts in writing on parol proof, has not been conferred on this Court. Leach v. Leach, 18 Pick. 68. A bill in equity may be maintained for the specific performance of a written con *449 tract relating to personal property, if the plaintiff has no adequate remedy at law. Clark v. Flint, 23 Pick. 231.