# Common Pleas.

*General Term—March*, 1884.

## FAUSTINE SCHMIDT, PLAINTIFF AND APPELLANT, *against* BERNARD M. COWPERTHWAIT ET AL., DEFENDANTS AND RESPONDENTS.

Where no motion is made for a new trial, and no appeal is taken from the order denying the same, the only questions coming up for review are those presented by the exceptions taken upon the trial.

The time for the payment of money or for the performance of a written agreement may be extended by parol.

What amounts to a valid extension.

Appeal from an order of the general term of the city court, reversing a judgment entered upon a verdict rendered by a jury upon a trial had before Mr. Justice McADAM. The facts are as follows:

On August 31, 1881, the defendants, by an instrument of that date, leased to the plaintiff certain articles of household furniture for seventeen and a half months at a reserved rent of $184.20, payable as follows: $30 in cash, receipt of which was acknowledged, and the balance, $154.20, in payments of $9 on the last day of each and every month thereafter during the term of the lease. In case of default in such payment, the defendants reserved the right to take and repossess said furniture, and retain all moneys received by them as liquidated damages. It was further provided by said lease that if at any time during its term or at its expiration, the plaintiff should desire to purchase the furniture, the defendants would sell the same to her upon the payment of such sum as would, with previous payments of hire, amount to the sum of $184.20, and

that no title thereto should vest in the plaintiff until said last named sum should be fully paid.

The plaintiff took possession of the property, but in May, 1882, the defendants claimed possession of it on account of default in the payments of hire.

At plaintiff's request, Ernest Daniels, on May 22, 1882, saw the defendant, M. B. Cowperthwait, who agreed to accept Daniels' personal responsibility for a weekly payment of $2 every Monday, and that there would be no trouble about the goods (fols. 73–76).

On May 27, 1882, and previous to the Monday upon which the first weekly payment of $2 was due, the defendants took possession of and removed the property.

The plaintiff sued for its recovery and damages, and obtained a verdict in her favor, which was set aside by the general term, and a new trial ordered in the action, from which order the plaintiff appeals.

*M. L. Marks*, for plaintiff and appellant.

*John A. Taylor*, for defendants and respondents.

LARREMORE, J.—As there was no motion made in the court below for a new trial upon the judge's minutes, and no appeal from an order denying the same, the only questions coming up for review are those presented by the exceptions taken upon the trial.

A careful examination of the case has satisfied me that the only exceptions entitled to consideration are those taken upon the refusal to nonsuit, and to direct a verdict for the defendant. They all point in one direction—the modification of the original agreement. If this had no legal effect, then the plaintiff had no right of action, for she did attempt to show that on May 22, 1882, she had made all the payments according to the terms of the lease.

Schmidt v. Cowperthwait.

But some significance must be attached to the transaction between the defendant, M. B. Cowperthwait, and the witness Daniels on May 22, 1882.

It was there claimed by the defendants that plaintiff was in default and had forfeited her right to the property. Daniels acted as her agent, and upon his representation that $2 should be paid every week (commencing the next Monday) until the thing was settled, Cowperthwait said, " You speak like a man ; I will do it. There is a small amount due, but I will not speak about it; you come here every Monday, and pay two dollars ; I will not speak further about it." And further, "You have my word for it; that is enough. You come here every Monday and pay two dollars, and there will be no trouble about the goods."

This testimony is undisputed, and was a complete answer to the motions for a nonsuit and for the direction of a verdict.

The time of the payment of money provided for by a written instrument may be extended by parol (Burt v. Saxton, 1 *Hun*, 551).

The defendants agreed to wait until May 29, 1882, for a first payment upon plaintiff's existing indebtedness, and their forbearance was a sufficient consideration to support the agreement which Daniels' testimony went to establish.

Without notice to plaintiff, who relied upon the representations made, they took possession of and removed the property two days before the time fixed for the first payment.

Under all the circumstances, I think the case was properly submitted to the jury ; that the order appealed from should be reversed and the judgment of the trial term affirmed, with costs.

DALY, Ch. J. [Concurring.]—I agree with Judge LARREMORE that the judgment of the general term of

the court below should be reversed, and that of the trial term affirmed.

The general term, in the opinion delivered, say that they have been unable to discover any binding validity in law in the agreement with Daniels. What that agreement was, has been stated in the opinion of Judge LARREMORE. It was an oral agreement made by Daniels with the defendant to extend the time of payment fixed by the written agreement, and it has long been settled that, in a case of simple contracts, the time of performance in a written instrument may be enlarged by parol (Keating *v.* Price, 1 *Johns. Ca.* 22; Fleming *v.* Gilbert, 3 *Johns. R.* 528; Erwin *v.* Saunders, 1 *Cow.* 249; Frost *v.* Everett, 5 *Id.* 498; Blood *v.* Goodrich, 9 *Wend.* 68; Clark *v.* Dales, 20 *Barb.* 64).

Even in agreements under seal after there has been a breach in the agreement, they may be modified in any respect or entirely rescinded by an executed parol agreement founded upon sufficient consideration (Dodge *v.* Crandle, 30 *N. Y.* 307). In some of the cases it has been held that no new consideration is necessary to give validity to an agreement to extend the time of performance, the waiver being sufficient (Clark *v.* Dales, *supra*).

But in the present case there was, as Judge LARREMORE has pointed out, a sufficient consideration for the parol agreement, the consideration being mutual.

The defendant had the benefit of the engagement of Daniels, that he would every Monday morning pay the defendant $2 until the residue of the purchase money was paid; and, as a consideration for that promise, he had the defendants' reciprocal promise that the time for performance should be extended by the payment of $2 every week until the whole sum was paid.

So far as respects this modification of the plaintiff's written agreement, Daniels had authority from her to

make it. He testifies that she told him that she would be satisfied with any arrangement he should make with the defendant, and he made this oral agreement extending the time of performance.

The general term have not pointed out in what respect it was invalid.

In the per curiam opinion delivered, the judges say that they have been unable to discover in the agreement any binding validity in the law, and .we are equally unable to see upon what grounds it can be held to be void.

BEACH, J., concurred upon the ground of Daniels' agreement being an original undertaking and valid.