OPINION of the Court, by
Ch. J. Botie.
This b«pon y covenant for the payment of a quantity of tobacco by instalments, at a particular place in the covenant mentioned. The defendant alleged by his plea that an agreement was made between himself and the plaintiff, prior to the respective instal-ments becoming payable, that he should keep the tobac-ch at his own house, ready to be delivered to the plaintiff at any time thereafter, when he should be notified ity the plaintiff for that purpose ; and averred a compliance on his part with the said agreement.
Upon a demurrer to this plea, the court below gave judgment for the defendant, to which the plaintiff proseCUtes this Writ of error.
The plea in this case was no doubt held good by the court below, upon the ground that the defendant was prevented by the agreement alleged in the plea from performing the covenant declared on, and that it therefore operated as a legal excuse for the nonperformance. There can be no question of the correctness of the principle which excuses the obligor for not performing a covenant or condition, where its performance is prevented by the default of the obligee ; as where his presence is necessary and he is absent, or where it is incumbent upon him to do the first act, and he fails, or the like. But this principle is not, we conceive, applicable to a case of this kind. To make it apply, would iri effect annihilate another principle of law, which requires that a contract *2 ⅛> dissolve or defeat another contract, must be of as high. a na^ure as the one to be dissolved or defeated ; a principle equally as well established .as the former, and not less obligatory upon courts of law in the administration ofjÜsticé — .See 2 Saund. 48, (nóte 1.) These principles, though apparently in connictson with each other, may, we apprehend, be Well reconciled by confining the former in its operation to those cases where the performance is prevented by the sole act or default of the obligee, and thus leave the latter principle to operate upon cases like the present, where the contract is attempted to he defeated, or its time or place of performanci changed by the concurrence or agreement of the ol ligor and obligee.
In this case the agreement alleged in the plea is hot averred to he in writing ; but if it were, it does not appear to have been made subsequent to-the act of assembly giving to written agreements the dignity of sealed instruments. It is therefore inferior in its ¿ta-ture to the covenant declared on* and cannot, according to the correct application of the principles before mentioned, be pleaded in bar of the present action. The court below, therefore, erred in adjudging the plea good, and overruling the demurrer.
Judgment reversed and cause remanded for new pro-eeedihgs. , . '