Judge Owsley
delivered the opinion of the court.
This was an action of covenant brought by Payne for the failure of Barnet in not delivering three hundred gal *313 lons of good merchantable proof whisky, in the town of Bowling-Green, in good tight barrels under sixty five gallons each, on the first of Februry, 1812, according to the covenant of Barnet before that time entered into with Payne.
Barnett pleaded, 1st, covenants performed; 2d, that before any breach of covenant, to wit: on the day of it was agreed between him, Barnet and Payne, that the whisky mentioned in the covenant should be delivered in Bowling-Green on a day subsequent to the day for delivery mentioned in the covenant, to wit: on the day of and avers that according to said agreement, he did deliver said whisky, &c. 3d, that subsequent to the day of delivery mentioned in the covenant, to wit: on the day of , he the said Barnett delivered the whisky in the town of Bowling-Green, and it was then and there agreed between him Barnet and Payne, that Payne should accept and receive the same, which was accordingly done; the said Barnet agreeing to be responsible for all leakages that might happen for the space of the then next two months, and to warrant the barrels to contain the quantity due upon the covenant at the expiration of the said term of two months, and avers the barrels did at the expiration of the term, contain the quantity, &c. And 4th pleaded, that subsequent to the day mentioned in the covenant for the delivery of the whisky, to wit on the day of , he did deliver the whisky in barrels, in the town of Bowling-Green and it was then and there agreed by and between him, Barnet and Payne that the said whisky in barrels, as aforesaid, should remain at in the said town, for two months, that Barnet should be responsible for all leakages that might happen during that time, and warrant said barrels to contain the quantity of gallons at the expiration of said term, and that if Barnet would suffer said whisky so to remain and there should be the aforesaid quantity in said barrels at the end of the two months, the same was to be taken and received by Payne, as there deposited, in discharge of the said covenant, and avers that Barnet did suffer the whisky to remain in Bowling-Green for the time aforesaid, and that at the end of the two months, the barrels did contain the proper quantity, &c.
A repleader should never be awarded because of irregular pleading, after a general finding, if there be one correct issue to which the finding may apply.
A written agreement cannot be altered by parol before a breach of the agreement.
After breach of covenant, a parol agreement if executed may be relied on as a plea of accord and satisfaction,—but to render such plea good, it should aver not only accord but complete satisfaction
To each of these pleas, issues were made up by Payne, traversing their several allegations.
A jury being called to try the issues, a verdict was found for Barnet, whereupon the counsel for Payne, moved the court for a new trial, on the ground of the verdict being against evidence, but the motion was overruled and judgment rendered according to the verdict.
To reverse that judgment, Payne has prosecuted this writ of error.
The assignment of errors, questions the sufficiency of the 2d, 3d and 4th pleas, as well as the decision of the court, in overruling the motion for a new trial.
Were the decision of the court correct in refusing a new trial we should not deem it necessary to go into an enquiry as to the sufficiency of those pleas, to which exceptions are taken by the assignment of errors. For admitting those pleas insufficient, still there would be a verdict upon the plea of covenants performed; and it is an established principle that a repleader will not be awarded after a general verdict, if there be one material issue to which the verdict may respond. But as we suppose the verdict should have been set aside on the application for a new trial, it will be proper to notice the objections to the pleas.
It will be perceived that the second plea purports to set up in avoidance of the covenant an agreement made before any breach of the covenant took place; but as that agreement is not alledged to have been in writing, it must be intended to have been by parol, and consequently forms no legal defence to an action brought upon the original covenant, as was held in the case of Hadley against Moorman, 4 Bibb, 1.
The other two pleas, however, exhibit a different aspect; they rely, it is true upon an agreement made subsequent to the date of the covenant; but as the agreement is alledged to have been made after a breach of the covenant, if executed, it may no doubt, form the basis of a good plea of accord and satisfaction. To be sufficient as a plea of that character it must, however, appear that there was not only an agreement to deliver the whisky, but it must moreover appear that the whisky was actually received in satisfaction of the damages occasioned by the breach of covenant. This, we think is substantially averred in each of the foregoing pleas. The third plea expressly alledges the receipt of the whisky, and although by the terms of the a *315 greement under which the delivery is stated to have been made, the time of two months was to elapse before it could be known whether the whisky received would be an actual satisfaction, no subsequent action remained to be done by either party to perfect a delivery or receipt of the whisky; and the same observations will equally apply to the fourth plea, for although an actual receipt of the whisky by Payne is not expressly averred, the plea alledges the delivery and deposite of the whisky, in a manner, and under circumstances, which, by the parties to the agreement, were intended to be a receipt and delivery. But whilst the third and fourth pleas are admitted to be substantially good, as pleas of accord and satisfaction, we have no hesitation in pronouncing the evidence insufficient to support either of the issues joined on the part of Barnet. There was not even an attempt to prove an actual performance of the covenant; and so far from proving such an accord and satisfaction, as is alledged in either of the pleas, the evidence conclusively shews that the whisky was not agreed to be received by Payne, but upon the condition of the barrels in which it was contained, proving sufficient to retain the whisky without waste for two months, and it is abundantly evident, that instead of the barrels being of that description, Barnet within the time, discovering they had leaked, filled them up, and that since then, owing to the defectiveness of part of the barrels, a great part of the whisky has actually been lost. And besides, the barrels are shewn not to have contained the entire quantity, which by the agreement, they were to contain; and as in a plea of accord and satisfaction it is not only necessary there should be an accord, but also a complete satisfaction, the proof in support of the plea, should also shew an entire satisfaction.
Bibb for plaintiff, Crittenden for defendant.
The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings had, not inconsistent with this opinion.