DORMAN
v.
ELDER.

Tuesday,
December 9.

Tuesday,
December 9.

---

## DORMAN v. ELDER.

To an action of covenant for the non-delivery of hogs worth a certain sum, by a specified time, &c. the defendant pleaded in bar, that the hogs were set apart on, &c., and that the plaintiff failed to attend, &c. *Held*, that the plea should have stated the number of hogs so set apart, and, also, that they were left at the place for the plaintiff, or that they had always been, and still were, ready to be delivered, &c.

The defendant also pleaded in bar,—that before the covenant was to be performed, the parties agreed that the defendant should, instead of the hogs, and at a time subsequent to that fixed for their delivery, deliver cattle, &c.; that he

had the cattle ready and set them apart, &c. and had always kept them ready, &c.; but that the plaintiff had never attended, &c. *Held*, that this plea was defective, for not averring that the defendant would have complied with the first contract, if the plaintiff had not prevented him as mentioned in the plea.

*Nov. Term,*
*1834.*

*Dorman*
*v.*
*Elder.*

*Friday,*
*December* 12.

ERROR to the *Scott* Circuit Court.

Stevens, J.—*Elder*, the defendant in error, declared against *Dorman*, the plaintiff in error, in the *Scott* Circuit Court, on a covenant under seal in these words and figures, to wit,—"By the 1st day of *November* next, I will pay *Samuel Elder* 90 dollars and 43 cents, in merchantable hogs, for value received of him, as witness my hand and seal. *December 8th*, 1828.—*Henry Dorman*, [L. S.]" *Dorman* pleaded in bar three several special pleas, all of which were demurred to, the demurrers sustained, and final judgment rendered in favour of *Elder*, the plaintiff below, that he recover of *Dorman* 101 dollars damages, together with his costs, &c.

The question before this Court is, Whether these pleas, or any one of them, contain a legal bar to the plaintiff's action? The second plea is clearly defective; the demurrer to it was therefore correctly sustained, and no further notice need be taken of it. The third plea is, that he the said *Dorman* on the said 1st day of *November*, 1829, the day on which said hogs were to be delivered, was ready and willing throughout the whole course of the said day, until the uttermost convenient hour thereof, at his, said *Dorman's* residence in the said county, to have discharged his said covenant in hogs, agreeably to the tenor and effect of his said covenant, and did then and there set apart "a number of hogs" of the description named in the covenant, sufficient to have discharged the same, but that said *Elder* failed to attend and receive them.

It is contended by *Dorman*, that this plea contains a sufficiency, if true, to bar the plaintiff's action; and he relies solely on the opinion of this Court in the case of *Johnson* v. *Baird*. In that case, among other things it is said, that "the plea of readiness to perform is dictated and sustained by common sense, the common and daily transactions of men, and by the principles of natural justice; and is allowed for the mutual benefit of both parties, and not solely for the benefit of the defendant." And, again, it is further said in the same opinion, that "in all cases where the debtor wishes to discharge himself, not only from the contract, but also from all future liability for the

articles set apart, he must set them off by count, measure, weight, or value, agreeably to his contract," so that the creditor can distinguish and know them; and when so set apart, they must be there left and abandoned for the creditor, to enable him to take possession of them when he pleases, or maintain an action of trover and conversion for them against any person who may interfere with them.

If, then, the plea under consideration is intended to operate as a bar, not only of the contract, but also a bar to any future liability for the articles set off to the creditor, it is clearly insufficient. It lacks two most material averments. The number of the hogs set off to the creditor is not shown. This is material, to enable the creditor to inquire after them, take possession of them, or bring suit for them, if found in the possession of others. Again, it is not stated that the hogs set off to the creditor, were there abandoned by the debtor and left as the property of the creditor; it may be, for aught that appears upon the face of the plea, that the debtor kept the hogs himself, and never left them at the place where he avers he set them off, a single moment, but instantly converted them to his own use.

If, however, it should be said that this plea is not intended as a bar to all future liability for the hogs set off to the creditor, but only a bar to the covenant, it will be found equally defective. In the case of *Johnson* v. *Baird*, above noticed, this Court says that where the debtor does not abandon the articles set off to the creditor, but elects to keep possession of them himself, he undertakes at his own peril and risk to keep them safely for the creditor, and to deliver them to him whenever he demands them at the proper place; and that it must be averred in the plea that the debtor was ready at the time, place, &c. with the articles, and that the creditor was not there to receive them, as is averred in this plea, and also that he has ever since been so ready, and is still so ready, to deliver said articles whenever the creditor should attend to receive them. These latter averments are not in this plea, and therefore it is in that particular also materially defective, and the demurrer to it was well taken.

The first plea is of a different character; it presents not only an important but a vexed question. It avers that between the day of making the covenant under seal and the day appointed for the delivering of the hogs, it was agreed by and between him the said *Dorman* and the said *Elder*, that he the said *Elder*

would receive cattle in lieu of the said hogs in discharge of the covenant, if said cattle were delivered at any time in the course of the summer of 1830, and that he *Dorman* was ready and willing at his residence in the said county of *Scott*, throughout the whole course of the summer of 1830, to have delivered said cattle, and did then and there designate and set apart the same for the said *Elder*, but that he never attended to receive them, and that he the said *Dorman* has ever since had said cattle at his said residence, and still there has them ready to deliver to the said *Elder*, but that he has never as yet attended to receive them.

The first objection raised to this plea is, that it is not shown by the plea where the cattle, which were to be received in lieu of the hogs, should be delivered, and that consequently it is not shown that they were tendered and kept ready for delivery at the place stipulated for the delivery. It is true, that no place is named in the plea as the stipulated place of delivery, but it does not follow as a consequence, that it is not shown that the cattle were tendered and kept ready to deliver at the proper place. No place of delivery is named in the sealed covenant, on which the suit is brought, for the delivery of the hogs, nor is any place of delivery averred in the declaration, except the county of *Scott;* and as the cattle named in the plea were substituted for the hogs, without any designation of a place of delivery, it is necessarily implied that they were to be delivered at the same place that the hogs were to have been delivered. The question then is, Where were the hogs to have been delivered? The declaration avers that the sealed covenant was made in the county of *Scott*, and that the hogs were to have been delivered in the county of *Scott;* and this plea in reference to the declaration and in reference to the whole record preceding it, avers that the residence of *Dorman*, the obligor in the sealed covenant, was in "said county," that is, the said county of *Scott*, the place where the sealed covenant was made, and the place where the declaration avers that the hogs were to be delivered. Under that state of facts, the hogs would have been properly delivered at the residence of the obligor; and therefore the plea as to that is sufficient.

The next and principal objection to this plea is, that it is an attempt to dissolve or rescind a covenant under seal by a parol contract. This objection is one of much weight, and should

Nov. Term,
1834.

DORMAN
v.
ELDER.

not be lightly passed over. If such is the character of the plea it cannot be sustained; for there is no principle of the common law better settled, than that an agreement under seal can only be dissolved by an agreement of the same character; that is, by an agreement under seal.

Where an action is brought by one of the parties to an agreement under seal to recover pay or damages from the other party, for having performed the covenants contained in the agreement on his part to be performed, it is impossible for him to recover unless he has performed those covenants. He must recover on the face of the agreement on which his suit is brought. No parol agreement can be substituted, which can enable him to recover on the covenants in the sealed agreement, unless he has well and truly performed his part of those covenants. By his sealed agreement he has covenanted to do certain things, and if he brings suit upon that agreement, he must aver that he has done those things in manner and form as by the sealed agreement they are stipulated to be performed; and he must also prove that he has done them as laid, or he must fail in his suit. He cannot be permitted to prove that he has done other things, which, by some other agreement, were substituted for those stipulated to be done by the sealed agreement on which he has brought his suit; if he were permitted so to do, the defendant would have no notice of what he was called on to answer. *Brown* v. *Goodman*, 3 T. R. 592, note.— *Heard* v. *Wadham*, 1 East, 619.—*Thompson* v. *Brown*, 7 Taunt. 656.—*Ratcliff* v. *Pemberton*, 1 Esp. Rep. 35.—*Philips et al.* v. *Rose*, 8 Johns. Rep. 392.—*Handley* v. *Moorman*, 4 Bibb, 1 (1).

But in the case now under consideration, the obligee has brought suit against the obligor, to recover damages of him for not having performed his covenant in manner and form as, by the sealed agreement on which the suit is brought, he bound himself to do; and the subsequent parol agreement set up as a defence in the plea under consideration, is in bar of the recovery of damages, and is not intended as a dissolution of the written agreement. The defence is not that the sealed agreement, on which the suit is brought, has been dissolved or rescinded, but that the plaintiff has accepted other articles in lieu of his damages, and that therefore he is not entitled to recover.

In the case of *Keating* v. *Price*, 1 Johns. Cas. 22, the Court

said an extension of time may often be essential to the performance of executory contracts, and that there could be no reason why a subsequent parol agreement for that purpose should not be valid. In the case of *Fleming* v. *Gilbert*, 3 Johns. Rep. 528, (a case in principle precisely like this,) the Court says, that the plaintiff in that case waived a compliance with the condition of the bond; and that no rule or principle of the law was infringed in permitting parol evidence of such waiver. The Court in that case further said, that it is a sound principle that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned; and that in the case then before the Court, it was plain that the defendant would have complied with the condition of his bond, had not the plaintiff dispensed with it. The Court further in that case says, that such rules in ancient as well as in modern decisions exist, and cites with approbation a case from the Year Books, where the condition of the bond was to raise a mill, and the obligor offered to perform, but the obligee refused to have it done, and that was held sufficient to excuse him from the performance.

In the case of *Heard* v. *Wadham*, 1 East, 619, *Lawrence*, justice, admits that subsequent to the breach of a covenant, the covenantee may substitute, agree to, and accept something else in lieu of what the covenantor was bound to do, in satisfaction of his damage, and that such a substitution is a sufficient answer to any suit brought for damages for the non-performance of the thing stipulated; and that such substitution may be proved by parol. And Chief Justice *Gibbs*, in the case of *Thompson* v. *Brown*, 7 Taunt. 656, says that he well understands that doctrine; and, he adds, that in such case the man is paid his damages by accepting something in lieu of that which he was entitled to. In the case of *Ratcliff* v. *Pemberton*, 1 Esp. Rep. 35, in an action of covenant on a charter-party of a ship, to recover demurrage for not having discharged the cargo on the day stipulated, the defence set up was, that the defendant could and would have discharged the cargo by the time limited, but that the plaintiff enlarged the time, &c. This, Lord *Kenyon* said, was a good and legal defence against the claim of the plaintiff, if it had been specially pleaded.

In the present case, if *Elder*, the covenantee, had actually received from *Dorman*, the covenantor, the cattle mentioned in the plea in lieu of the hogs, no doubt can exist but that his

right to recover damages for the non-delivery of the hogs would be barred. If, then, this case is not distinguishable from other cases of contracts to deliver specific articles, every legal consequence follows a tender, refusal, and readiness to perform, that would follow an absolute delivery, if the matter is properly pleaded. In this plea, *Dorman* avers that at the proper time and place he had the cattle ready, and then and there set them off for *Elder*, the covenantee; and that he has ever since kept them there ready, and still has them there ready, to deliver to *Elder* if he will attend to get them. So far, this plea is sufficient and perfect in all its averments, but still it lacks one important averment, and without which the plea cannot be sustained.

The defence set up in this plea is and must be bottomed on the fact, that *Dorman*, the covenantor, was willing to have discharged his covenant under seal, by delivering the hogs at the proper time and place agreeably to the tenor and effect thereof; and that he would have so performed, had he not been prevented by *Elder*, the covenantee, in manner and form as set out in the plea; and this averment must be directly and positively averred, and not left to be collected by inference.

It is a general rule in special pleading, that each special plea is taken most strongly against the party pleading it, and most favourably to his adversary; and to this rule there is no exception. Whenever the defendant acknowledges the plaintiff's cause of action, both as to facts stated and the conclusions of law arising thereon, but seeks to avoid it by new facts which he offers, he must state those facts with clearness and certainty, and in direct and positive terms. The rule is, that the party pleading must be supposed to have made his statement as favourable for himself as the truth will possibly admit, and therefore it would be doing injustice to the opposite party, to infer that the truth of the case is more favourable than the party himself has stated it. The party setting up the defence knows the truth of the case he is stating, and can state it with clearness and certainty, and in direct and positive terms, if he desire to do so; and if he do not so do, he must bear all the inconvenience which may grow out of his failing so to do.

In this plea there is no averment that *Dorman*, the covenantor, was willing to perform and would have performed his covenant under seal, by delivering the hogs at the proper time

and place, agreeably to the tenor and effect of said covenant, had he not been prevented by the covenantee in manner and form as set out in the plea; and without such an averment the plea is radically defective.

M'KINNEY, J.—I concur in the opinion just delivered, affirming the judgment in this case. I, however, differ from a majority of the Court in the view taken of the first plea. In my opinion, it is radically bad, and as the question involved is important, I will present the reasons upon which my opinion has been formed.

The plea rests upon the validity of a parol agreement, entered into after the execution of the sealed instrument, the foundation of the suit, and before the day upon which the property mentioned in the covenant was to have been delivered. The plea would appear to be relied on as an accord and satisfaction, and if not good as such it is bad.

I will notice a few rules applied to sealed instruments and contracts in writing, before I test the sufficiency of the plea as a plea of accord and satisfaction. 1. A sealed instrument cannot be dissolved, except by an instrument executed with equal solemnity. 2. Written agreements, whether specialties or simple contracts, and whether within or without the statute of frauds, cannot be contradicted, varied, or materially affected by parol evidence. 3. Parol evidence of fraud, or the want or failure of consideration, or of the enlargement of the time for performance, or a waiver of the performance of a written simple contract, is admissible. 4. Such evidence of fraud, and of the want or failure of consideration, by our statute, and of the enlargement of the time of performance, and waiver of the performance, also applies to sealed instruments. *Erwin* v. *Saunders*, 1 Cow. R. 249.—*Hunt* v. *Adams*, 7 Mass. R. 518.—*Stackpole* v. *Arnold*, 11 Mass. R. 27.—*Fitzhugh* v. *Runyon*, 8 Johns. R. 375.—*Thompson* v. *Ketcham*, id. 189.—*Wells* v. *Baldwin*, 18 Johns. R. 45.—*Hoare et al.* v. *Graham*, 3 Campb. R. 57.—*Davey* v. *Prendergrass*, 5 Barn. & Ald. 187.—2 Chitt. R. 336.—*Baylis* v. *Dineley*, 3 M. & S. 477.—*Crane* v. *Newell*, 2 Pick. R. 612.

The first inquiry is, Does the parol agreement set up in the plea conflict with these, or with either of these rules? By the sealed instrument, the defendant covenanted to pay to the plaintiff 90 dollars and 43 cents in merchantable hogs by the

1st day of *November*, 1829. By the plea, the defendant is to pay that sum in cattle during the summer of 1830. These contracts are entirely different; the variance reaching not only to the subject-matter, but also to the time of performance, of substance in a contract. It cannot be contended, that the sealed contract is dissolved, or that it is not contradicted by the parol agreement relied on. Is it then avoided by fraud or the want or failure of consideration, or is an action upon it suspended by an enlargement of the time of its performance, or finally is there a waiver of the performance, or a discharge of the agreement? I think these questions must be answered in the negative. All that the plea presents is the substitution of one cause of action for another, and as the matter pleaded was executory and without consideration, it cannot constitute a valid defence.

The next inquiry is, Was the plea good as a plea of accord and satisfaction? An accord and satisfaction is a bar to an action brought on a bond, but a mere parol and executory agreement, or a mere accord without satisfaction received, is no bar. 1 Bac. Ab. 43.—Com. Dig. tit. Accord, B.—*Russell* v. *Lytle*, 6 Wend. 390.—*Lynn* v. *Bruce*, 2 H. Bl. 317.—*Allen* v. *Harris*, 1 Ld. Raym. 122.—9 Rep. 79.—*Balston* v. *Baxter*, Cro. Eliz. 304.—*Rayne* v. *Orton*, Cro. Eliz. 305-6.—3 Bl. Comm. 15. The plea alleges, that before the time designated for the delivery of the hogs, the parol agreement for the delivery of the cattle was entered into. The case of *Handley* v. *Moorman*, 4 Bibb, 1, is in point and sustains my view of the plea. In that case it was held, that in covenant for the payment of tobacco by instalments, at a particular place, a plea that the place of payment was changed by the agreement of the parties, prior to the respective instalments becoming due, was bad. An accord and satisfaction pre-suppose a wrong done, or a liability incurred. Until a wrong be done, as in tort, &c., or a liability incurred by breach of a contract, either sealed or parol, there cannot be an accord and satisfaction. It would seem to be as correct in an action of trespass, to treat a plea alleging accord and satisfaction before the trespass was committed, as good, as in an action on a specialty, to recognise such a plea as a bar before the liability was incurred.

After breach of a covenant, the acceptance of satisfaction, all know, is a discharge of the covenant. This, however, has not

occurred.    *Payne* v. *Barnet*, 2 Marsh. R. 312, is in accordance     <span>Nov. Term, 1834.</span>
with *Handley* v. *Moorman*, and appears to me, with the law
noticed, to decide this case.    It was said in *Payne* v. *Barnet*,     <span>MITCHELL v. PORTER.</span>
that after breach of a covenant, a parol agreement, if executed,
may be relied on as a plea of accord and satisfaction, but to
render such plea good, it should aver not only accord, but com-
plete satisfaction, but that accord and satisfaction, until after a
breach, could not be pleaded.

Without adverting to the right of the covenantee in this
case, to sue upon the parol agreement, a point which it seems
would much strengthen my view of the plea, and which I am
far from admitting, I conclude this examination with a firm
belief, founded on careful investigation, that the plea is radi-
cally bad.

*Per Curiam.*—The judgment is affirmed with costs.

H. P. *Thornton* and A. C. *Griffith*, for the plaintiff.

J. H. *Scott*, for the defendant.

(1) Vide *Sinard* v. *Patterson*, ante, p. 353, and note.