### HANFORD *vs.* McNAIR.

Where A., by writing *not under seal*, authorized an agent to enter into a con-
tract for the purchase of a quantity of timber, who entered into a *sealed
contract* for such purchase, IT WAS HELD, on the rule of law that an agent
cannot bind his principal *by deed* unless he has authority *by deed* so to do,
that an action of *covenant* would not lie against A., although a counterpart
of the contract, executed in like form, was delivered to, received and ac-
knowledged by him as the evidence of the contract, and although the
timber was received by him and payments made by him on account of the
contract.
Whether, under the circumstances of this case, an action of *assumpsit* would
lie against the defendant, *quere.*

  THIS was an action of *covenant*, tried at the Monroe cir-
cuit in March, 1830, before the Hon. ADDISON GARDINER,
one of the circuit judges.

The plaintiff declared on a *sealed* contract, bearing date 25th March, 1824, whereby the plaintiff engaged to sell and deliver to the defendant, on the bank of the Genesee river, 6000 feet of oak timber and certain quantities of other timber by the 10th day of May then next ; and the defendant agreed to pay *at the rate of* $70 per 1000 feet for the oak timber, and certain other prices for the other timber. The plaintiff averred performance on his part, and assigned the non-payment of the stipulated sums as a breach on the part of the defendant, who pleaded *non est factum*, non-performance on the part of the plaintiff, and payment. On the production of the instrument declared on, it appeared to be executed by the plaintiff in person, and by the defendant *by attorney*, as thus : " For Matthew McNair, Aaron Bush, L. s." The plaintiff read in evidence a *letter* from the defendant, under date of 23d March, 1824, authorizing *Bush* to sign a contract for the timber specified in the instrument declared on, and proved by *Bush* that he, Bush, was sent by the defendant to the residence of the plaintiff to make a contract for the timber : that he made the contract and executed the instrument declared on ; that a counterpart of the contract was executed in like form by the plaintiff and himself, which on his return he delivered to the defendant, who received and made no objections to its being sealed. A son of the defendant also testified, that on leaving home to attend the trial of the cause, his father gave him the counterpart, saying, " Here is the contract." Upon this evidence being given, the plaintiff was permitted to read the contract in evidence, although the defendant objected. It was then proved that in the spring of 1824, the plaintiff got out a quantity of timber, that the defendant sent persons to raft it, and that an agent of the defendant towed the timber from the Genesee river to Carlton island, at the entrance into the St. Lawrence, where it was delivered to the defendant, from whence it was taken to Quebec. The evidence in relation to the quantity and quality of the timber was contradictory. Several sticks of it, amounting to between 500 and 1000 feet, were lost in a gale of wind in crossing Lake Ontario, and on being measured at Quebec, the quantity was found to be only 4613 feet. The defendant proved three payments, amount-

NEW-YORK, ing together to $400, made to the plaintiff in the months of
May, 1832. May, August and November, 1824, on account of the con-
Hanford tract.   The jury found a verdict for the plaintiff for $150,50.
v. The defendant moved for a new trial.
McNair.

*J. A. Spencer*, for the defendant.

*M. T. Reynolds*, for the plaintiff.   The acceptance by
the defendant of the contract executed by his agent *under
seal*, was equivalent to the seal being affixed in his presence
and by his direction, and such an execution forms an ex-
ception to the general rule.   The acceptance of the contract,
and every subsequent act under it by the defendant, was a
a virtual re-delivery of the instrument.

*By the Court*, SUTHERLAND, J.   It is an insuperable ob-
jection to the plaintiff's recovery in this action, that no com-
petent authority from the defendant to Bush is shown to
execute the covenant on which this suit is founded.   An
agent cannot bind his principal by deed, unless he has au-
thority by deed so to do.   The only exception to the rule
that the authority to execute a deed must be by deed, is
where the agent or attorney affixes the seal of the principal
in his presence and by his direction.   *Co. Litt.* 52, *a.*   7
*T. R.* 209.   5 *Mass. R.* 40.   *Comyn's Dig. tit. Attor. C.* 1,
*C.* 5.   4 *T. R.* 313.   2 *Caines' Cas. in Err.* 1.   9 *Johns. R.*
285.   *Liverm. on Agency,* 35.   2 *Kent's Comm.* 478.   7
*Cowen,* 453.   The authority of *Bush* was to contract with
the plaintiff for the timber in question.   It does not appear
ever to have been in writing.   It conferred no power upon
him to bind his principal by a contract under seal.   The sub-
sequent acts of the defendant under this contract, recogniz-
ing and carrying into effect, may be sufficient to make it
binding upon him as a parol contract, but cannot make it his
deed.   If a deed executed by an agent under an express ori-
ginal parol authority would not be binding on the principal,
it must necessarily follow that no subsequent parol acknowl-
edgment or acts *in pais* can produce such effect.   This was
expressly held by Gibbs, Ch. J. in *Sterglity* v. *Eggington,* 1
*Holt,* 141.   3 *Com. L. R.* 54, *S. C.*   That debt was upon an

award made pursuant to a submission under seal, executed by one partner for himself and his co-partner. The plaintiff offered to prove that the partner who did not execute the deed, gave authority to the other to execute it for him, and that he had subsequently acknowledged the agreement. The chief justice said the authority to execute must be by deed. If one partner, who does not execute, acknowledge that he gave an authority to execute for him, it must be presumed to have been a legal authority; and that must be under seal and produced. One man cannot authorize another to execute a deed for him, except by deed. No subsequent acknowledgment will do. I do not perceive how the circumstance that a counterpart of the agreement, executed in the same manner as the original, was delivered by Rush to McNair and received by him without objection, avoids the difficulty. It is but evidence of a subsequent acknowledgment or ratification of the deed. The principle of the case of *Lewis* v. *Payne*, 8 *Cowen*, 71, does not apply. There both parts of the lease were originally well executed, and it was held that the subsequent fraudulent alteration of the one by one of the parties did not effect or destroy the other. They were both originals.

Whether the plaintiff can treat this as the parol contract of the defendant, and recover upon it in an action of assumpsit, I give no definitive opinion. The case of *Banorgee* v. *Hovey and others*, 5 *Mass. R.* 14, would seem to hold that he could not. That case, however, is in some respects essentially different from this.

Although the verdict of the jury appears to me to be against the weight of evidence on some of the points on which they must have passed, if that were the only difficulty in the case, I should not feel authorized to disturb the verdict. On the first ground, however, the verdict must be set aside, and a new trial granted.