ALBANY,
Oct. 1834.

Blood
v.
Goodrich.

BLOOD *vs.* GOODRICH and others.

A *parol acknowledgment* by a *principal*, that an *agent* had authority *under seal* to enter into a *sealed contract* obligatory upon his principal is competent evidence of such authority ; but if, at the time of entering into a *sealed* contract the agent had in fact *no authority under seal* to enter into the contract, the subsequent *parol* acknowledgment of authority, and ratification of the contract by the principal, will not bind the principal.

THIS cause was tried in September, 1830, and the plaintiff had a verdict for $4445,75. On the motion of the defendants, a new trial was granted in May term, 1832, see 9 Wendell, 68, *et sequitur*, where the *case* is fully stated, and also the *opinion* of the court set forth, delivered when the new trial was granted. The cause was again tried in December, 1832, when the plaintiff, under the decisions of the circuit judge, submitted to a nonsuit, with leave to apply for a new trial. A case was accordingly made, setting forth the evidence adduced and offered on the second trial, and the same was argued in this court. The proof adduced and offered on the *second* trial, in addition to what was produced on the *first* trial, is fully set forth in the opinion delivered by the chief justice, and therefore is not here stated. The case was argued by

*H. Brown & J, O. Morse*, for the plaintiff.

*J. A. Spencer*, for the defendants.

*By the Court*, SAVAGE, Ch. J. This cause comes up a second time on a motion for a new trial. The main question now is the same which was presented on the former motion, to wit, whether there was sufficient competent evidence to submit to the jury the question whether all the defendants had executed the contract of December 11, 1828 ; or, in other words, whether there was evidence to justify the jury in finding that Kingsbury executed the contract *by virtue of an authority under seal.*

On the former motion we considered the rule of law to be, that " an authority to execute a deed must be given by deed." And by this rule the evidence produced on the first trial was tested, and declared to be insufficient. The evidence on the second trial must be tested by the same rule ; but the plaintiff has done on the second trial what he did not do on the first— he has entitled himself to give secondary evidence of the existence of a power of attorney. On the former trial, as on this, the execution of the contract by Kingsbury was fully proved. There was also sufficient evidence to submit to a jury, and to authorize them in finding that Kingsbury had competent authority from *Goodrich ;* but as to *Champion,* we were of opinion the evidence was not sufficient. The only testimony in relation to an authority from Champion was his declaration to Judge Brown, that he owned lands in the state of Ohio, in company with the other defendants in this cause ; and that Kingsbury was their agent to sell and dispose of these lands. In addition to this testimony, the plaintiff has *now* produced G. Wilcox, who went with the plaintiff a few days after the execution of the contract, and called personally upon Goodrich, at Utica, and upon Champion, at Rochester. The contract was shown to Goodrich, who said that the defendants owned a tract of land together in Ohio ; that Kingsbury was empowered to act for him and Champion in the sale of the same ; that it was the same as if they, Goodrich & Champion, had done it. At Rochester the plaintiff and the witness went into Champion's office ; the plaintiff produced the contract, and showed it to *Champion,* who said that what was done by Kingsbury was well; that they owned lands together in Ohio ; that Kingsbury was agent for them, to sell their Ohio lands, and that Champion wrote a letter by witness to E. Brown, of Bloomfield, Ohio, and requested witness and plaintiff to call on Brown to show them the lands, On cross examination, the witness stated further, that Goodrich said, when the contract was shown to him, that Kingsbury was empowered to act as their agent, and he would ratify whatever Kingsbury did, and act upon it by way of deeding the land ; that all would execute deeds. Champion said, that whatever bargain, Kingsbury or Goodrich made should be ratified

by him ; that they owned the lands together; that Kingsbury was agent, to act for him and Goodrich. It is also in evidence that Champion, on the 16th December, 1828, executed a power of attorney to Goodrich, authorizing him to sell and convey certain lands in the same town of Bloomfield, in Ohio ; which lands were owned by himself and Goodrich.

Had Goodrich and Champion, when the contract was presented to them, admitted that Kingsbury had executed it by virtue of a power of attorney for that purpose, could it be doubted that such an admission would be conclusive ? 7 Wendell, 136. In such case the defendants could not object that parol evidence could not be given of a written instrument, because it was their own fault that it was not produced. Due notice had been given to them to produce it, and the paper being in their possession, and withheld, the plaintiff had a right to give secondary evidence of its contents. What was said by these defendants was certainly calculated to produce the impression upon the plaintiff, that the contract was properly executed, and by virtue of full power and authority. The contract itself was produced and presented to each ; which was tantamount to asking each, " Sir, is that your deed ?" Champion answers, that what was done by Kingsbury was well ; that Kingsbury was his agent to sell the lands ; and he wrote a letter to another agent in Ohio, with a view to aid in and promote the consumation of the contract. That the authority was by *a proper power of attorney under seal,* may fairly be inferred from the copy of a power given by Champion to Goodrich, but a few days subsequent to the contract executed by Kingsbury with the plaintiff. There is no room, therefore, for the supposition that a mere parol authority was intended ; the parties knew what sort of authority was proper in such a case ; and as it had been adopted in one case, it is fairly inferrible that it had been adopted in the other. In the former discussion of this case, 9 Wendell, 76, and also in *Hanford* v. *M'Nair*, 9 id. 56, the case of *Striglitz* v. *Egginton*, 1 Holt, 141, was referred to, in which the chief justice, after asserting the doctrine that an attorney who executes a sealed instrument must have an authority under seal, concludes by saying, that no subsequent acknowledgment will do. The

chief justice, no doubt, intended to say that no subsequent *acknowledgment by parol* could supersede the necessity of an authority under seal, by virtue of which the deed was executed; but he does not say, nor did he intend to say that *a parol acknowledgment by the party of the existence of an authority under seal,* could not be admitted. In that case the attorney confessedly had not a sufficient authority, and in such a case the proposition was undoubtedly true, that no subsequent acknowledgment will do. If the contract, when executed under seal, was not the contract of the principals, it did not become so by a subsequent acknowledgment of it. Most emphatically would this be so in a case like the present, where the contract is for the sale of *lands,* in respect to which a parol contract would be void. No objection of that kind can properly be made to the evidence in this case; this is not a parol acknowledgment and ratification of a sealed instrument, executed originally *without authority,* but an admission by parol, that the contract was originally, legally and properly executed. Such evidence is proper, and if uncontradicted, or unexplained, conclusive upon the party making the admission. The evidence offered in this case was sufficient, and should have been received.

The decision of this point alone is sufficient to entitle the plaintiff to a new trial. If the fact be proved, that Kingsbury had power to make the contract which was executed by him, the same evidence proves his power to complete the negotiation and contract in relation to those lands. The propriety, therefore, of admitting much of the testimony which was rejected, depends upon the decision of the first point. The subsequent letters and declarations, and parol contracts made by Kingsbury and Goodrich, should have the same effect as if made by Champion also. *Champion* had given a formal authority to *Goodrich* to convey lands in the same town of Bloomfield, which were owned by them jointly at the same time when he admitted the power of Kingsbury, and also of Goodrich; and to this testimony there was no objection. The plaintiff also offered to show what, for the purpose of this motion, we must consider as proved—that long after the conveyances had been executed by Blood to Hale and Robinson, Champion stated that they had been executed at Goodrich's

request, and by his (Champion's) authority; and that they all had received the avails of such sale. This testimony was proper and should have been received.    .

What should be the measure of damages, in the event of a recovery, was a question not agitated on the trial, and one that could not be properly raised, until the plaintiff had established a right to recover something. It would therefore be travelling out of the bill of exceptions to express an opinion upon it.

New trial granted; costs to abide the event.