JACOB S. MAUS, appellant, *v.* AMOS H. WORTHING, for the use of JOHN McCANN, appellee.

*Appeal from Tazewell.*

An agent or attorney cannot bind his principal, by deed, unless his authority is under seal.

Authority to an agent to execute an appeal bond, cannot be conferred by a letter not under seal.

A. LINCOLN, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

THE appellee moves to dismiss this appeal, because the appeal bond appears to have been executed on the part of the surety therein, by an attorney in fact appointed by letter or power of attorney not under seal. The authority to execute the appeal bond is contained in the record, and is as follows, to wit: " Mr. John A. Jones, Dr. Sir, I hereby authorize you to sign my name to a bond to be given by Jacob S. Maus, in an appeal case to the Supreme

(1) 4 Blackf. 171.                    (2) 4 Blackf. 437.
(3) 4 Bac. Abr. "Misnomer."          (4) *Vide* 7 Am. Com. Law 51.

Court, at the last term of the Circuit Court. J. H. Worthing, for the use of John McCann, *vs.* Jacob J. Maus.

" W. S. Maus."

The rule of law seems to be well settled, that an agent or attorney cannot bind his principal, by deed, unless he has authority by deed so to do. (1)

In the cases of Hanford *v.* McNair, (2) and Blood *v.* Goodrich *et als.*, (3) the Supreme Court of New York, review a number of authorities, both English and American, and decide that the only exception to the rule, that the authority to execute a deed must be by deed, is where the agent or attorney affixes the seal of the principal in his presence and by his direction.

These authorities are conclusive on the point. The appeal must therefore be dismissed, with costs, for the want of a sealed power to execute the deed on the part of the surety.

Breese, Justice, dissenting :

I cannot concur in the opinion just delivered by the Court. I acknowledge respectable decisions have been cited to sustain it, and am disposed to give them all the weight to which they are entitled. The rule, as laid down, seems to me to be destitute of any good reason on which to base it, and altogether too technical for this age. How a scrawl made with pen and ink, and affixed to the name of the writer of the letter, which is the authority to execute the appeal bond, could give it any additional validity, I cannot discover. It is conceded, if the writer's name had this magical scrawl affixed to it, it would then be sufficient, and it would then possess all the efficacy of a sealed instrument or deed.

The general tenor of our laws has made great inroads upon many of those technical and refined notions which it was considered at one time, heresy to question, and with the improvement made in other respects, it would seem to be time to release such proceedings from the dominion of a rule so arbitrary, so technical, so wholly inapplicable to our condition, and so little calculated to promote justice.

It was once the rule, that a bond could only be discharged by something of as high a nature as the bond itself; yet who will now doubt, that a parol receipt is good against such a bond? The ancient rule is, also, that if there be a subscribing witness to a bond or note, he must be called to prove its execution; proof of the admission of the party, that he did execute it, being inadmissible. Yet would this Court, if called upon, sanction a rule so absurd ? You may hang a man on his own confession, but yet he shall not pay a debt of twenty dollars evidenced by his note of hand or bond, on the same kind of proof ! I cannot consent to yield up

(1) Chit. on Cont. 57, and the English authorities there referred to.
(2) 9 Wend. 54.                              (3) 9 Wend. 68.

my judgment, in any case, because others have decided a point in a particular manner, unless I can see the reason of the decision. Seeing none in this case, and believing that the purposes of justice are not all subserved by an adherence to such antiquated rules and unmeaning technicalities, I dissent from the opinion. I think the letter of request, ample authority to the party to sign the appeal bond. Several of my brother judges coincide in the views here expressed, but think the rule is the law, with which they cannot interfere, it being for the legislative power to change it. I think differently. I am of opinion, that courts are bound to see the propriety and reason of every rule, before it receives their sanction and approbation, in cases wherein there are no statutory provisions applicable ; in such cases, the will of the legislature, as expressed by them, is the law, however unwise or unreasonable it may be, if no constitutional provision is violated. Not so in other cases—we should know the reason why it is, and should be so ; and if the alleged reason is absurd, we should not yield our acquiescence.

*Appeal dismissed.*