Paine *v.* Tucker.

---

JOHN T. PAINE *versus* JONATHAN TUCKER & *al.*

Parol proof of an acknowledgment by a principal that an agent had authority under seal to enter into a sealed contract obligatory upon his principal, is not competent evidence of such authority.

DEBT on a bond to the plaintiff, dated Nov. 18, 1835, signed by Tucker and by Thomas J. Goodwin, the other defendant, by Amos G. Goodwin, stipulating to convey certain real estate, for a consideration acknowledged to have been received. The defendants pleaded that the obligation declared on was not their deed, and, by brief statement, performance on their part. On Nov. 24, 1835, the bond was assigned to John Gowen, and the action was brought for his benefit.

At the trial, before EMERY J. the bond was offered in evidence, and the execution proved, by the subscribing witness, on the part of Tucker, and that it was signed by "Amos G. Goodwin for Thomas J. Goodwin," the latter not being present at its execution. Amos G. Goodwin had deceased before the commencement of the action, and T. J. Goodwin had been appointed his administrator, but afterwards resigned the trust, and another was appointed.

The subscribing witness testified, that in June, 1840, before the commencement of the suit, and after the death of A. G. Goodwin, "in conversation with Thomas J. Goodwin as to his brother A. G. Goodwin's estate, as to its solvency or insolvency, speaking of claims against the estate, I named the bond to Paine assigned to Gowen; he said it was not against the estate, but that Amos signed it as his attorney and for him; he said it was not Amos' bond, but his, and signed by Amos for him as his agent or attorney; he said Amos had authority from him to sign the bond for him; that it was not a claim against the estate; I did not ask him whether Amos had a power of attorney; no writing authorizing Amos to sign was produced at the time of signing." Another witness testified, that he was in company with John Gowen and Thomas J. Goodwin immediately before the suit was commenced; "that Gowen, who held a paper in his hand they called a bond, asked Goodwin if that was his signature, if he acknowledged that signature; he admitted it to be good made by his brother; Gowen said he wanted a title; Goodwin said a bond was all that was meant for a title; Gowen asked if he admitted that signature, and he admitted it; and that the conversation was in T. J. Goodwin's office." The report of the case does not show, that any objection was made to the *admission* of this testimony.

After the statement of the testimony, the report states, that "the defendants objected to the *sufficiency* of this testimony to prove the execution of the bond by T. J. Goodwin, or the authority of A. G. Goodwin to execute the same for him,

But the Court admitted it." The bond was then read to the jury, and the same testimony was considered as before them.

After testimony in relation to performance, and as to the amount of damages, had been introduced, and after the arguments had been concluded, the report states, that " upon the question as to the execution of the bond declared on by Thomas J. Goodwin, the Judge instructed the jury, that as Thomas J. Goodwin was not present at the time it was signed by Amos G. Goodwin, as his attorney, that they must not be wiser than the law ; and that the law does not authorize one to sign a deed for another, not in his presence, by any authority not under seal ; and that the plaintiff must give the jury reasonable satisfaction, that Amos G. Goodwin had such authority to execute this deed."

The verdict was for the plaintiff, and was to be set aside, " if the instructions or rulings of the Court *to the jury* were erroneous." Objections were made to the instruction of the Judge in regard to performance, but they were not taken into consideration in the decision by the Court.

*N. D. Appleton,* for the plaintiff.

The sufficiency and competency of the evidence to prove the authority of A. G. Goodwin were objected to by the defendants at the trial. Parol evidence is not competent to prove an authority to sign and seal a bond. Story on Agency, § 49 ; Paley on Agency, 132 ; 7 T. R. 203 ; 2 Kent, 613 ; *Milliken* v. *Coombs,* 1 Greenl. 343 ; *Blood* v. *Goodrich,* 9 Wend. 68. The only exception is when the principal is present. Story on Agency, § 51.

Had there been an authority under seal, it should have been produced. Parol evidence cannot be substituted for written. 1 Stark. Ev. 387 ; Greenl. Ev. 98 ; 2 Stark. Ev. 31 ; 1 Esp. N. P. 115.

The necessity of showing an authority under seal is not superseded by any admission or acknowledgment. 1 Stark. Ev. 283, 320 ; Dougl. 216 ; 2 East, 187 ; 4 East, 53 ; 9 Johns. R. 136 ; 1 Mass. R. 482 ; 8 Mass. R. 440.

The testimony amounts to only a parol ratification, and this

Paine *v.* Tucker.

is not sufficient. *Stelson* v. *Patten,* 2 Greenl. 358 ; Story on Agency, § 49, 252 ; *Hanford* v. *M'Nair,* 9 Wend. 54 ; *Milliken* v. *Coombs,* 1 Greenl. 343 ; *Blood* v. *Goodrich,* 9 Wend. 68 ; *Emerson* v. *Coggswell,* 16 Maine R. 77.

*J. Shepley,* for the plaintiff.

No question was raised at the trial, nor does any appear in the report, arising from want of taking any preliminary steps, such as giving notice to produce papers, or making search for them, prior to the introduction of the testimony. Had any such been made, the proof was at hand, and ready, to obviate the objection. Unless the objection is made before the introduction of the testimony, it is too late to do so afterwards. This is a principle familiar to all having the slightest acquaintance with the law of evidence, and is founded on the principles of common honesty — that a man should make his objections, when the other party has an opportunity to remove them by proof, or they are to be considered as waived. Nor do I understand the counsel for the defendants to take such ground now, but to insist that it was " insufficient" to prove the issue ; that it was not the right description of evidence required by law. This was a mere preliminary proceeding to satisfy the Judge, that the paper should be read, in which no exceptions can be taken. By " *admitted it*" in the report, was intended the bond, not the evidence already in. The conclusion of the report was *thus purposely made* by the Judge to obviate the objections made by the plaintiff to the report as it stood, and states, that the verdict was to be set aside only in case " the instructions or rulings of the Court *to the jury* were erroneous." The only inquiry then is, whether the instruction was right. It is, " that the law does not authorize one to sign a deed for another, not in his presence, by any authority not under seal ; and the plaintiff must give the jury reasonable satisfaction that A. G. Goodwin had such authority to execute this deed." The jury found that he had such authority under seal by finding for the plaintiff under that instruction. The proof was by parol, and the inquiry is, could it legally be done in that manner.

The question then is, whether it is competent to prove that his agent had an authority under seal, by parol proof that the defendant admitted the fact.

This question is entirely different from proving a parol ratification of the act of the agent, where it appeared that there was no valid authority originally. The case here presented has nothing to do with ratification, where there was originally no authority, but merely relates to the mode of proving that there was originally competent authority. The case, *Blood* v. *Goodrich*, 12 Wend. 525, is decided on this distinction. The same case had once before been before the Court, 9 Wend. 68, cited for defendants, and it was there held that a ratification of the act of an agent, acting without authority, must be by writing under seal. On sending the case to a new trial, the proof was by parol, that the defendant admitted that the agent had competent authority. The Court held this to be competent and sufficient proof of the fact, considering it a distinct question from the former. The counsel for the defendants admits, that when the paper is signed and sealed by the agent for the principal in his presence, that parol evidence is competent and sufficient to prove this fact, of his being present, and thus proving his authority by parol. Such doubtless are the decisions. But will he tell me, when the paper is signed in precisely the same manner, what is the difference in principle, between proving by parol, that the defendant was present at the signing, and proving in the same manner the admission of the defendant that his brother had sufficient authority to act for him? The case of *Jackson* v. *Livingston*, 7 Wend. 136, goes farther than our case requires, Greenl. Ev. § 96, 97; The *King* v. *Bigg*, 3 Peere. Wms. 427. To show that *Blood* v. *Goodrich* is in point, these words are cited from it. The Court, speaking of the authority of an agent to sign a paper under seal, say the proof was "an admission by parol, that the contract was originally legally and properly executed. Such evidence is proper, and if uncontradicted or unexplained, conclusive upon the party making the admission. The evidence offered in this case was sufficient, and should have been received."

As before remarked, the case now before the Court, is not parol proof to ratify the act of one assuming to act as the agent of the party without any authority, but parol proof of the admission by the party, that his agent originally had the authority. It is believed that no authority can be produced opposed to this principle. And indeed it is but the well known principle that even a conveyance of real estate, where the rights of third persons, have not intervened, may be proved by the admission of the party.

Here the plaintiff had a right of action against either T. J. Goodwin, or against the estate of A. G. Goodwin if he acted without authority. The plaintiff applied to the defendant to know to whom he was to look. He said the plaintiff's claim was against him, and not against the estate. After this the defendant should not be permitted to come into Court and say, that the agent acted without authority.

But were this a case of ratifying an act of the agent, under seal, when no authority existed at the time, by parol or by the acts of the party, the best authorities, as well as reason and principle, are in favor of its competency. I do not propose to enter into the argument, but merely refer to a few authorities.

The general rule is admitted to be that an agent or attorney may be appointed by parol, or proved by acts or implication. Story on Agency, § 47. Even where the statute of frauds requires that the contract should be in writing to be valid, the authority to sign may be by parol. Idem, § 50. It is true, that the author says there are exceptions to this rule, one of which is, that an authority to sign a deed must be by deed, " by analogy to the known maxim of the common law, that a sealed contract can only be dissolved or released by an instrument of as high authority or solemnity." The author admits that this principle has not been carried out; § 50, 51. But the very foundation of the exception has been overruled, and is no longer law. A sealed contract can be released or dissolved by parol. Greenl. Evid. § 303. The author of the work on agency states another exception, equally well

founded in authority, that ratification by a corporation must be by an act under seal of the corporation. § 52. This doctrine has long since been decided not to be law in this country. The opinion of the author, on the whole, it seems to me, is laid down in the commencement, that the exception to the general rule applies only to an authority to convey real estate, which should be by writing under seal acknowledged and recorded. Story on Ag. § 48. And such seems to be the opinion of Judge KENT. 2 Com. 3d Ed. 612, 4th Ed. 611. And where the authority of. the agent should have been under seal, but was merely by parol, equity will compel the principal to confirm and give validity to the deed. Story on Ag. § 49. The mode of the appointment of an agent is a matter between him and his principal. And to hold that the principal may receive the benefit of such contract under seal, and then avoid responsibility because the party injured cannot produce a sealed authority, however clearly he may prove that the agent acted by direction of the principal, and that he had received the consideration, is but to permit an adherence to antiquated and technical, if not obsolete, rules to sanction injustice and legalize iniquity. The Court in Massachusetts, on a full consideration of the subject, have repudiated the doctrine here urged for the defendants. *Cady* v. *Shepherd*, 11 Pick. 400; *Hewes* v. *Parkman*, 20 Pick. 90.

The opinion of a majority of the. Court, SHEPLEY J. dissenting, was drawn up by

WHITMAN C. J. — The bond declared upon in this case purports to have been executed by Jonathan Tucker in person, and by Thomas J. Goodwin, by Amos G. Goodwin. The defendants having pleaded *non est factum*, objected to the introduction of the bond to the jury, till the authority of Amos G. Goodwin, to execute it in behalf of Thomas J. Goodwin was proved. No power of attorney was produced for the purpose; nor did it appear, that any effort had been made to discover or obtain one, with a view to its production on the trial; nor did it appear, that any person had ever seen or witnessed one.

The Judge, who presided at the trial, admitted evidence to the following effect, viz. that said Thomas, at the time when the bond was executed, was absent ; but that he had since said, on being shown a bond, resembling the one in suit, that he admitted it to be good ; and that he admitted the signature ; and said, Amos did it for him. And again, speaking of the bond in suit, that Amos signed it as his agent or attorney, and for him ; and that he had authority so to sign it. Upon this evidence the bond was permitted to be read to the jury, as the bond of said Thomas.

The verdict having been returned for the plaintiff is, according to the report of the Judge, to be set aside, and a new trial granted, if the foregoing procedure was irregular, and unwarranted by the rules of law. In *Stetson* v. *Patten & al.* 2 Greenl. 358, Mr. Chief Justice Mellen, in delivering the opinion of the Court, remarked, " that no authority need be cited to show, that when an instrument under seal is executed by attorney, the attorney must be authorized by deed, under the hand and seal of the principal." It appeared in that case, that the indenture, then in question, had been executed by the plaintiff's brother, acting as his attorney ; he being at the time, absent from the State ; and that he received it from the hands of his brother ; and three years afterwards, received a payment in part fulfilment of the stipulations contained in it, on the part of the defendants ; and endorsed the same on the indenture. The Chief Justice, thereupon, further remarked, " that with respect to these facts, they cannot amount to any thing more than a sanction and ratification, made by parol ; and such ratification could not be more availing than a parol authority, given before the instrument was signed, which we have seen is of no importance."

In *Hanford* v. *McNair*, 9 Wend. 54, Mr. Justice Sutherland, in delivering the opinion of the Court, in reference to a similar point, says, " I do not perceive how the circumstance, that a counterpart of the agreement, executed in the same manner as the original, was delivered to McNair, and received by him without objection, avoids the difficulty. It is but

a subsequent acknowledgment or ratification of the deed."
And in *Blood* v. *Goodrich*, ib. 68, Mr. Chief Justice Savage
says, to make it the deed of Goodrich and Champion "it
must be shown that Kingsbury had authority to act for them;
and as he professes to act by deed, an authority from them,
under their seals, is indispensable." The Chief Justice goes
on to remark, subsequently, in a manner seemingly scarcely
reconcileable with his postulatum; and says, " but I should be
unwilling to say that a subsequent written acknowledgment,
accompanied by acts recognizing the deed as the deed of him,
whose name had been used, was not proper evidence to be
submitted to the jury." And if there were such written ac-
knowledgment, he, still, seems to conclude, that it was incum-
bent on the plaintiffs to have given written notice to the de-
fendants, to produce the power of attorney; and that, upon
its non-production, secondary evidence, written as it would seem,
might be given of its existence and contents.

The same case came before the Court again, 12 ib. 525.
The Chief Justice then proceeded to examine the subject anew;
and came to the conclusion, as it would seem, that any parol
acknowledgment, that the instrument had been duly executed,
might be submitted to the jury. And in reference to *Steiglitz·
v. Edgenton*, 1 Holt's N. P. 141, he holds the following lan-
guage; " the Chief Justice (Gibbs) no doubt intended to say,
that no subsequent *acknowledgment by parol*, could superse-
sede the necessity of an authority under seal, by virtue of
which the deed was executed; but he does not say, nor did
he intend to say, that a *parol acknowledgment, by the party,
of the existence of an authority under seal*, could not be
admitted." The language of Mr. Chief Justice Gibbs, was used
in reference to a proposition to prove, that one partner, who
did not execute an agreement purporting to be executed by his
partner for him, had acknowledged its execution, and is as
follows: —" The authority to execute must be by deed. If one
partner, who did not execute, acknowledge that he gave an
authority, I must presume, that it was a legal authority, and
that must be under seal, and produced. One man cannot

authorize another to execute a deed for him, but by deed." To me it is not readily perceivable, that the Chief Justice did not mean to say, that an acknowledgment, by the party, of the existence of an authority under seal, could not be admitted. He certainly says, if it be under seal, it must be produced. Does not this imply, that an acknowledgment by the party, of its existence, would not be sufficient? He is certainly very explicit, that no acknowledgment of the party, sought to be charged, that the instrument had been duly executed, would be sufficient. And can it be that he meant, nevertheless, to admit that a party's acknowledgment, that it had been executed under the authority of a sufficient power of attorney, would be admissible? His language is, further, that "no subsequent acknowledgment will do." How this can be understood otherwise, than as a peremptory negation of the validity of an admission to either point, is not obvious, to say the least of it.

The doctrine, at the former decision of the case of *Blood v. Goodrich & al.*, as laid down by the court, can hardly be regarded as otherwise, than as a relaxation of the former rules, in reference to the admissibility of evidence to prove the existence of an authorization, under seal, to act for another. Yet, it then seemed to be necessary, that the admissions or acknowledgment should be in writing. By the last decision it seems, that any parol acknowledgment will do. These advances in relaxation of former rules may have found their inducement in a proneness to approximate the rules, in reference to agencies, authorized by deed, to those by parol or implication. Inroads upon known and established rules are not always advisable. They tend to the increase of uncertainties in the law. If it be allowable for a Court at one time to encroach a little, by the same rule, at another time, it may go a step further. When once the ancient boundaries are broken down it will become difficult to know where we should make a stand. Innovations in the law are too frequently like inventions in the arts; but seldom to be regarded as improvements. They distract the mind, and tend more frequently to perplex-

ity and confusion, than to any substantial advantage. The ancient course has been to require the best evidence, of an authorization to act for another, to be produced. If it be to establish the authority to execute a sealed instrument, the power must be evidenced by writing under the hand and seal of the principal. Such writing must be produced, if not proved to have been lost, or in the hands of the adverse party, or otherwise inaccessible to the party required to produce it. Being proved to have once existed it is presumed to be still in existence, and should be sought for in the proper repository. If not there, but is proved to have got into the hands of the principal, he should have the legal notice to produce it. If not obtainable in either of these ways, secondary evidence may be admissible to establish it. The power, in this case, if it ever existed, should have been sought for in the hands of Amos G. Goodwin, or of the administrator of his estate. Nothing of this kind appears to have been done; and no evidence was adduced, that it had been lost, or that it was in the hands of the adverse party. If the power never existed, the execution of the deed, as to Thomas J. Goodwin, was a nullity; and the plea of *non est factum*, as to him, was supported. As to him, none of the legal preliminary steps were taken to authorize the reading of the bond to the jury. The verdict therefore must be set aside, and a new trial be granted.

SHEPLEY J. — The first objection taken to the proceedings during the trial is, that " the defendants objected to the sufficiency of the testimony to prove the execution of the bond by Thomas J. Goodwin, or the authority of Amos G. Goodwin to execute the same for him; but the Court admitted it." That testimony tended to prove, that the principal had admitted, that the agent had authority from him to sign and execute the bond. One witness stated the admission in these words, " He said Amos had authority from him to sign the bond for him." The law requires, that the authority to sign and execute a sealed instrument for another should be conferred by an instrument under seal, unless the principal be present, when

the instrument is executed. How is the fact to be proved, that one, who has acted in such case as the agent, had such authority ? The instrument may be proved by proving the handwriting of the agent and by a production and proof of the power of attorney conferring the authority. If the power of attorney cannot be produced, and there be proof of its loss; or proof that it has passed into the hands of the principal, who after notice refuses to produce it ; the contents may be proved. May the authority be proved also by the admissions or declarations of the principal ? The earlier cases were examined, and this question was fully considered, in the case of *Cady* v. *Shepherd*, 11 Pick. 400 ; and the decision was, that it might be so proved. In New York, after intimations of a different opinion in prior cases, the Court finally came to the same conclusion, in the case of *Blood* v. *Goodrich*, 12 Wend. 525. It is not perceived, that these decisions violate any legal principle. Every person is presumed to know the law ; and when the principal admits, that the person who has acted as his agent in signing a sealed instrument, had authority from him to sign it, he must be considered as admitting, that such authority was communicated in a legal manner, that is by a sealed instrument ; unless it should appear from his admissions or declarations, that it was not. All the cases cannot be reconciled. But the weight of authority does not appear to be opposed to this doctrine. And it is not suited to operate unjustly upon the party making the admission. The case of *Stetson* v. *Patten*, 3 Greenl. 358, is not opposed to it. In that case it was a fact agreed, that the agent had not any authority under seal. The only proof of authority was, that the principal had indorsed a payment of interest on the instrument executed by the agent. The objection in the present case was therefore properly overruled by the presiding Judge.